

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. Hall H. Logan, Acting Director
Postwar Economic Planning Commission
Austin 11, Texas

Dear Mr. Logan:  Opinion No. O-6769

Re:  The Legislature has not author-
ized any State agency to accept
funds from the United States
Government for postwar plans,
under Title 5 of the War Mobil-
ization and Reconversion Act
of Congress passed in 1944.

We have given careful consideration to your letter
of August 2, 1945. Your letter reads in part as follows:

"We respectfully request your study of the
provisions of Title V of the War Mobilization and
Reconversion Act of 1944, in order that you may
render us an opinion as to whether the acceptance
of these funds for postwar plans by a State agency
would be contrary to the Constitutional provisions
of the State which provide that these agencies
and educational institutions, etc. cannot bind
the State for any obligation. The Postwar Eco-
nomic Planning Commission has been designated by
the Governor, as provided in the Federal Act, as
that agency which will approve such applications.

" . . . "

The Postwar Economic Planning Commission, authorized
by House Concurrent Resolution No. 33, passed by the Legisla-
ture in March, 1943, authorized the Governor to appoint thirty-
one Texans as members of said Commission; said Resolution does
not, however, authorize or permit said Commission to accept
any funds from the Federal Government; neither does it author-
ize said Commission to in any way bind the State of Texas in
any kind of a contract.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Hall H. Logan, Page 2

Section 9 of the general provisions to the Appropriation Act passed in 1945 is the same as Section 10 of the 1943 Appropriation Act. It reads as follows:

"(9) United States Funds and Aid. The proper officer or officers of any State Departments, bureaus, or divisions of State agencies are hereby authorized to make application for and accept any gifts, grants, or allotments or funds from the United States Government, educational or health projects and programs, etc., to be used on State cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs, and improvements. Any of such funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the grantor, and subject to the limitation placed on this Act."

There are no other provisions in our statutes that could in any way affect the question you have asked. Congress, of course, cannot pass any kind of an act that would authorize any agencies in Texas or elsewhere to make contracts that would bind Texas. It is fundamental law that no one can make a contract binding the State, unless the Legislature has given that person or agency specific authority.

It is our opinion that neither the Postwar Economic Planning Commission nor any other State agency has any power or authority to accept funds from the Federal Government under "the War Mobilization and Reconversion Act of 1944" and bind the State to repay same. As stated by you, Section 501(c) of said Act reads:

"Advances under this section to any public agency shall be repaid by such agency if and when the construction of the public works so planned is undertaken. Any sums so repaid shall be covered into the Treasury as miscellaneous receipts."

Under the quoted section of the Act of Congress any public agency which contracted with the Federal Government, and accepted any funds under and in virtue of the Act, would be compelled to make a contract with the Federal Government

Mr. Hall H. Logan, Page 3

that said money so advanced would be repaid to the State of Texas "if and when the construction of the public works so planned is undertaken."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Geo. W. Barcus_
Geo. W. Barcus
Assistant

APPROVED AUG 1, 1945

GWB:mp

APPROVED
OPINION
COMMITTEE
BY _Jw73_
CHAIRMAN